UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

Eastern District of Kentucky
FILED
FEB 09 2024
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                    INFORMATION NO. 6:24-CR-3-REW-HAI

PHILBERT CAMPBELL

\* \* \* \* \*

THE UNITED STATES ATTORNEY CHARGES:

## COUNT 1
### 18 U.S.C. § 371 & 21 U.S.C. § 331(i)(3)

Beginning on or about January 2021, the exact date unknown, and continuing through on or about December 12, 2022, in Clay County, Knox County, Laurel County, and Shelby County, in the Eastern District of Kentucky, and elsewhere,

**PHILBERT CAMPBELL**

knowingly and voluntarily conspired with others to violate laws of the United States, that is 21 U.S.C. § 331(i)(3), knowingly causing a drug to be a counterfeit drug and to sell and hold for sale counterfeit drugs.

### MANNER AND MEANS OF THE CONSPIRACY

1. It was part of the conspiracy that **PHILBERT CAMPBELL** and others worked together to manufacture, market, and distribute counterfeit generic alprazolam pills. As part of this conspiracy, the Defendant and his co-conspirators, without authorization, created pills stamped with the imprints "s903," "b707," "G3722," and

"R039," and that were designed to substantially replicate the appearance of generic alprazolam pills produced by a drug manufacturer.

2. It was part of the conspiracy that the Defendant and his co-conspirators manufactured and packaged these counterfeit generic alprazolam pills in the Southern District of Florida and sold these counterfeit generic alprazolam pills both locally and via darknet marketplaces to buyers throughout the United States, including in the Eastern District of Kentucky. They accepted payments for the counterfeit generic alprazolam pills sold on darknet marketplaces in the form of cryptocurrencies.

3. It was part of the conspiracy that the Defendant and his co-conspirators routinely produced and sold counterfeit generic alprazolam pills that contained other drugs, including clonazolam and etizolam, without disclosing this fact to the buyers.

## OVERT ACTS

4. In furtherance of the conspiracy, the Defendant and his co-conspirators undertook the following overt acts:

    a. On or about September 3, 2021, working in an online undercover capacity, a Federal Bureau of Investigation Online Covert Employee accessed the darknet and purchased 1000 pills in an undercover capacity from a DNM vendor. A co-conspirator received an order from this darknet vendor, and the Defendant and his co-conspirators produced and shipped a package of 1000 counterfeit generic alprazolam pills to an address controlled by law enforcement in the Eastern District of Kentucky.

    b. On or about October 30, 2022, the Defendant produced counterfeit generic

   alprazolam pills to be shipped to customers.

   c. On or about October 31, 2022, a co-conspirator transported packages containing counterfeit generic alprazolam pills, including a package shipped to an address in Laurel County, in the Eastern District of Kentucky.

   d. On or about November 14, 2022, the Defendant produced counterfeit generic alprazolam pills.

   e. On or about November 15, 2022, a co-conspirator delivered a package containing counterfeit generic alprazolam pills to a United States Postal Facility to be delivered to an address in Laurel County, in the Eastern District of Kentucky.

All in violation of 18 U.S.C. § 371.

## COUNT 2
## 21 U.S.C. §§ 331(i)(3) & 333(b)(8)

On or about November 14, 2022, in Laurel County, in the Eastern District of Kentucky, and elsewhere,

### PHILBERT CAMPBELL

did knowingly make, sell, and dispense, and held for sale and dispensing, a counterfeit drug, to wit, counterfeit generic alprazolam pills marked with the imprint "s903," all in violation of 21 U.S.C. §§ 331(i)(3) and 333(b)(8).

## FORFEITURE ALLEGATION
## 18 U.S.C. § 982(a)(7)

1. By virtue of the commission of the offenses alleged in Counts 1 and 2 of the

Information, **PHILBERT CAMPBELL** shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from the gross proceeds traceable to the commission of the violations of 21 U.S.C. § 331 and 18 U.S.C. § 371. Any and all interest that **PHILBERT CAMPBELL** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. §§ 982(a)(7) and 981(a)(1)(C) and 28 U.S.C. § 2461.

2. The property to be forfeited includes, but is not limited to, the following:

**VEHICLES**:
a. 2019 Jaguar F-Pace, VIN SADCJ2FX0KA365418.

**CURRENCY**:
a. Funds on deposit at Space Coast Credit Union account ending x4091 in the name of Brisa Builders Corp.;
b. Funds on deposit at Space Coast Credit Union account ending x4109 in the name of Brisa Builders Corp.; and
c. $10,000.00 in United States currency seized on or about December 13, 2022.

**PERSONAL PROPERTY**:
a. 10Kt Pink/ Rose Gold Diamond Pendant "Survival" and Rose on top, Omar on side;
b. Two-Tone Rolex Oyster Perpetual DateJust Cosmograph Daytona watch;
c. 14kt Pink/ Rose Gold Square Rolo Link Chain;
d. 10kt Pink/Rose Gold Hollow Rope Chain;
e. 10kt Square Rolo Link Chain;
f. Pink/ Rose Gold Diamond Bezel;
g. 14kt Pink/ Rose Gold Diamond Pendant Hand of God;
h. 14kt Rose/ Pink Gold Pie-cut Diamond Ring;
i. Van Cleef and Arpels 18kt yellow, 16.4" 10 motif (clover) white Mother of Pearl Necklace;
j. Van Cleef and Arpels 18kt pink and diamond bracelet;
k. Hermès Kelly 28cm Exotic Leather handbag;
l. Chanel Ladies Automatic Watch Stainless Steel and White Ceramic Bracelet Style;

 m. 9.84 carats of synthetic diamonds;
 n. 40.36 carats of synthetic diamonds;
 o. 12.39 carats of synthetic diamonds;
 p. 14kt White gold chain;
 q. 18kt diamond heart pendant;
 r. Platinum Rolex Daytona DateJust 40mm watch Oyster Bracelet;
 s. 10kt rope chain;
 t. 10kt First round MGMT diamond pendant;
 u. 10kt rope chain; and
 v. 10kt diamond pendant.

**MONEY JUDGMENT**:

A forfeiture money judgment in the amount of gross proceeds obtained by the Defendants as a result of the violations set forth in the Information.

3. If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

_____
**CARLTON S. SHIER IV**
**UNITED STATES ATTORNEY**

## PENALTIES

**COUNT 1:** Not more than 5 years imprisonment, a fine of not more than $100,000, and not more than 3 years supervised release.

**COUNT 2:** Not more than 10 years imprisonment, a fine of not more than $250,000, and not more than 3 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.